■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MEDINA, Appellant. — Judgment of the Supreme Court, New York County, rendered on March 11, 1981 (George Roberts, J.) convicting the defendant of the crime of manslaughter in the first degree (Penal Law, § 125.25) and sentencing the defendant to a term of imprisonment of 8⅓ to 25 years is unanimously modified, on the law and facts and as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of imprisonment of 5 to 15 years and is otherwise affirmed. Appellant, charged with the crimes of murder in the second degree and criminal possession of a weapon in the second and third degrees, in connection with the shooting death of one Steven Laurino on October 19, 1980, entered a negotiated plea of guilty to the crime of manslaughter in the first degree on March 11, 1981, and was sentenced to an indeterminate term of 8⅓ to 25 years. The incident out of which the charges against appellant arose occurred shortly after 2:00 A.M., on October 19, 1980, while he was at work at the Grand Hyatt Hotel in Manhattan. The decedent, Steven Laurino, and five other youths are alleged to have driven past the appellant at his place of work and squirted him with a fire extinguisher, which he believed contained chemicals. Appellant, together with his coworker, followed the decedent Laurino and his companions across town to 9th Avenue, where, pulling alongside of their car, appellant fired three shots from his gun into the other car. Two of the bullets missed, but the third struck Laurino in the head, inflicting wounds from which he subsequently died. While not intending in any way to minimize the seriousness of the appellant's crime or its impact upon the family of the decedent, we note that appellant has had no prior conflicts with the law and has a background described by the sentencing Judge as "outstanding * * * in almost all areas, school, military * * * job, employment, marital relationships, family relationships * * * outstanding,

yes". In addition, the record reveals that at sentencing appellant expressed extreme remorse for the incident, his participation therein, and its impact on Laurino's family. The sentencing minutes reveal that appellant indicated a desire to "express his deepest sympathy." In light of all the circumstances, we feel the sentence excessive to the extent indicated. Concur — Kupferman, J. P., Sandler, Asch, Silverman and Alexander, JJ.